UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CR207 HEA |
| | ) | |
| MICHAEL L. GUIDO, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Thomas C. Mummert, III addressing Defendant's Motion to Suppress Evidence, [Doc. No. 70]. An evidentiary hearing was held on August 12, 2015. In his August 17, 2015 Memorandum, Judge Mummert recommends that the motion be denied. Defendant has filed written objections to this recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review of those portions of the Memorandum to which Defendant objects. The Court has reviewed the entire record for this purpose.

Defendant objects to Judge Mummert's order denying his Motion for Disclosure by the Government of its Intention to Rely Upon Rule 404(b) Evidence [Doc. 72]; denying his Motion for a Bill of Particulars, [Doc. No. 72] and Judge Mummert's recommendation that his Motion to Suppress Evidence, [Doc. No. 70] be denied. Defendant relies on his previously filed arguments raised in his pleadings and at the evidentiary hearing on August 12, 2015.

As Judge Mummert concluded, there is no basis for Defendant's Motion for Rule 404(b) disclosure as requested by Defendant. The Rule requires the Government to provide reasonable notice. The Government has stated that it will provide reasonable notice in advance of trial. The motion seeks the information specifically no later than thirty days before trial. Defendant has provided no authority for such a request. Defendant has not shown that Judge Mummert's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The objection is overruled.

Judge Mummert concluded that the indictment in this case is sufficiently precise to inform Defendant of the charges against him in order to enable him to prepare a defense, to avoid the danger of surprise at trial and to plead his acquittal or conviction as a bar to further prosecution on the same offense. The indictment sets out that Defendant and his three co-defendants conspired together and with one or more other persons to violate 21 U.S.C. § 841(a)(1). Judge Mummert set out the

relevant case law establishing that this allegation is sufficient to inform Defendant of the charge and that it is not necessary that the Government to name the other coconspirators. Defendant has presented nothing to establish that this conclusion is erroneous or contrary to law. The objection is overruled.

The evidence presented at the evidentiary hearing establishes that Officer Boaz observed Ms. Terlosky commit two traffic violations on Interstate 70. The traffic stop was valid. As Officer Boaz approached the truck, he smelled marijuana coming from the truck. He observed Ms. Terlosky's behavior and found inconsistencies with her license and ID; observed luggage with no airline tags, saw a current California marina parking pass on the floor in the front of the cab. The circumstances surrounding the valid stop gave rise to Officer Boaz's investigation. Judge Mummert correctly observed that it is well established that the police may search a vehicle without a warrant if they have probable cause to believe that the vehicle contains contraband or evidence. *Chambers v. Maroney*, 399 U.S. 42, 52 (1970); *Carroll v. United States*, 267 U.S. 132, 162 (1925); *United States v. Vore*, 743 F.3d 1175, 1179-80 (8th Cir. 2014). Defendant has presented no evidence to contradict Officer Boaz's testimony at the hearing.

Judge Mummert's conclusion that the search was legal is based on sound legal analysis. The Court agrees with Judge Mummert's conclusions in their entirety. The Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Suppress Evidence, [Doc. No. 70], is denied;

**IT IS FURTHER ORDERED** that Judge Mummert's Order denying Defendant's Motion for Bill of Particulars, [Doc. No. 69], is affirmed;

**IT IS FURTHER ORDERED** that Judge Mummert's Order denying Defendant's Motion for Rule 404(b) Disclosures, [Doc. No. 72], is affirmed.

Dated this 23rd day of October, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE